**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Anthony | Leon | Hicks |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: 22-51791
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
1.3, 2.1, 3.1, 3.2, 3.3 4.3, 4.4, 5.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Debtor   **Anthony Leon Hicks**                                              Case number _____

Check one:   ☐ 36 months   ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

==The debtor(s) will pay **$1,800.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.==

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

§ 2.2   **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

§ 2.3   **Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years __**2021, 2022, 2023**__, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

§ 2.4   **Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

§ 2.5   **[Intentionally omitted.]**

§ 2.6   **Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

| Part 3: | Treatment of Secured Claims |

§ 3.1   **Maintenance of payments and cure of default, if any.**

*Check one.*

Debtor     **Anthony Leon Hicks**                                    Case number

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Specialized Loan Servicing, LLC | 5667 Bob White Circle NW Lilburn, GA 30047  Gwinnett County | $1,957.25 | 0.00% | $75.00 |

§ 3.2    **Request for valuation of security and modification of certain undersecured claims.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

Debtor  **Anthony Leon Hicks**                                 Case number

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | Ally Financial | $7,783.00 | 2015 Nissan Sentra 103K Miles miles  Opened 05/18  Last Active 1/18/22 | $7,881.05 | $0.00 | $7,881.05 | 6.00% | $200.00 | $200.00 increasing to $744.00 in December 2022 |

### § 3.3   Secured claims to be paid in full.

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Republic Finance | All debtor's real and personal property | 09/2021 | $8,379.66 | 5.25% | $100.00 | $100.00 increasing to $778.00 in December 2022 |

### § 3.4   Lien avoidance.

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### § 3.5   Surrender of collateral.

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s)

| Debtor | Anthony Leon Hicks | Case number | |
|---|---|---|---|

request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| Orange Lake Resorts | 8505 W. Irolo Bronson Memorial Hwy Kissimmee, FL 34747  Osceola County |

§ 3.6    **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5.5__%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

§ 4.1    **General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2    **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3    **Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__4,000.00__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__1,317.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__2500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__2500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum

Debtor        **Anthony Leon Hicks**                                    Case number

amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4   Priority claims other than attorney's fees.

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department Of Revenue** | **$127.90** |
| **Internal Revenue Service** | **$7,239.32** |

### Part 5:   Treatment of Nonpriority Unsecured Claims

### § 5.1   Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ ~~A pro rata portion of the larger of (1) the sum of $ **18,000.00**  and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.~~

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ **100% of the total amount of these claims.**

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

### § 5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### § 5.3   Other separately classified nonpriority unsecured claims.

*Check one*.

| Debtor | Anthony Leon Hicks | Case number | |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1** Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1** Check "None" or List Nonstandard Plan Provisions.

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**Co-Debtor on debt owed to Performance Finance for a Polaris Slingshot will pay directly outside of the Chapter 13 Plan.**
**Co-Debtor on debt owed to Americredit/GM Financial for a 2012 Nissan Altima will pay directly outside of the Chapter 13 Plan.**

| Part 9: | Signatures: |
|---|---|

**§ 9.1** Signatures of Debtor(s) and Attorney for Debtor(s).

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X **/s/ Anthony Leon Hicks**
**Anthony Leon Hicks**
Signature of debtor 1 executed on **September 28, 2022**

**5667 Bob White Circle NW**
**Lilburn, GA 30047**
Address          City, State, ZIP code

X _____
Signature of debtor 2 executed on _____

Address          City, State, ZIP code

X **/s/ Shannon Worthy**
**Shannon Worthy 733895**
Signature of attorney for debtor(s)

Date: **September 28, 2022**

**Stanton and Worthy, LLC**
Firm

**547 Ponce De Leon Ave**
**Suite 150**
**Atlanta, GA 30308**
Address          City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| ANTHONY LEON HICKS, ) | |
| ) | CASE NO. 22-51791-PWB |
| ) | |
| DEBTOR. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I am more than 18 years of age and that I have this day served a copy of the foregoing *Pre-Confirmation Modified Plan and/or Modification Statement* upon the following by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery:

Anthony Leon Hicks *(via electronic delivery)*
5667 Bob White Circle
Lilburn, GA 30047

{*See attached Creditors Matrix*}

I further certify that, by agreement of parties, K. Edward Safir, Standing Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

Done, this 28th day of September 2022.

/s/Shannon C. Worthy
Shannon C. Worthy
Attorney for Debtor
Georgia Bar No.: 733895
Stanton and Worthy, LLC
547 Ponce de Leon Ave., NE Suite 150
Atlanta, GA 30308
404-800-6415 Phone
Shannon.worthy@stantonandworthy.com

```
Label Matrix for local noticing        ATTY, Mandarich Law Group LLP         Acima Credit
113E-1                                 125 Townpark Dr. Suite 350            9815 South Monroe Street
Case 22-51791-pwb                      Kennesaw, GA 30144-5946               4th Floor
Northern District of Georgia                                                 Sandy, UT 84070-4384
Atlanta
Thu Jul 21 11:45:24 EDT 2022

Ally Bank                              Ally Bank                             Ally Financial
c/o AIS Portfolio Services, LP         4515 N. Santa Fe Ave. Dept. APS       Attn: Bankruptcy
4515 N Santa Fe Ave. Dept. APS         Oklahoma City, OK 73118-7901          Po Box 380901
Oklahoma City, OK 73118-7901                                                 Bloomington, MN 55438-0901


AmeriCredit Financial Services, Inc. DBA GM   AmeriCredit/GM Financial       American Express National Bank
P O Box 183853                         Attn: Bankruptcy                      c/o Becket and Lee LLP
Arlington, TX 76096-3853               Po Box 183853                         PO Box 3001
                                       Arlington, TX 76096-3853              Malvern  PA 19355-0701


Amex                                   Caliber Home Loans                    Capital One
Correspondence/Bankruptcy              Attn: Bankruptcy                      Attn: Bankruptcy
Po Box 981540                          P.O. Box 24610                        P.O. Box 30285
El Paso, TX 79998-1540                 Oklahoma City, OK 73124-0610          Salt Lake City, UT 84130-0285


Cavalry Portfolio Services             Cavalry SPV I, LLC                    (p)JPMORGAN CHASE BANK  N A
Attn: Bankruptcy                       PO Box 4252                           BANKRUPTCY MAIL INTAKE TEAM
500 Summit Lake Drive, Suite 400       Greenwich, CT 06831-0405              700 KANSAS LANE FLOOR 01
Vahalla, NY 10595-2321                                                       MONROE LA 71203-4774


Citibank North America                 Citibank/The Home Depot               Emory Eastside Medical Center
Citibank SD MC 425                     Citicorp Credit Srvs/Centralized Bk dept   Resurgent Capital Services
5800 South Corp Place                  Po Box 790034                         PO Box 1927
Sioux Falls, SD 57108                  St Louis, MO 63179-0034               Greenville, SC 29602-1927


Federal Home Loan Mortgage Corporation   Federal Home Loan Mortgage Corporation,   (p)GEORGIA DEPARTMENT OF REVENUE
6200 S. Quebec Street, Suite 300       as Trustee                            COMPLIANCE DIVISION
Greenwood Village, CO 80111-4720       c/o Specialized Loan Servicing LLC    ARCS BANKRUPTCY
                                       6200 S. Quebec Street, Suite 300      1800 CENTURY BLVD NE SUITE 9100
                                       Greenwood Village, Colorado 80111-4720   ATLANTA GA 30345-3202


Anthony Leon Hicks                     Household Finance Co/OneMain Financial   Internal Revenue Service
5667 Bob White Circle NW               Attn: Bankruptcy                      P O Box 7346
Lilburn, GA 30047-6123                 Po Box 3251                           Philadelphia, PA 19101-7346
                                       Evansville, IN 47731-3251


LVNV Funding, LLC                      (p)DSNB MACY S                        NetCredit
Resurgent Capital Services             CITIBANK                              Attn: Bankruptcy
PO Box 10587                           1000 TECHNOLOGY DRIVE MS 777          175 W. Jackson Blvd, Ste 1000
Greenville, SC 29603-0587              O FALLON MO 63368-2222                Chicago, IL 60604-2863


OneMain Financial                      Orange Lake Resorts                   Performance Finance
Attn: Bankruptcy                       Attn: Bankruptcy                      1515 W 22nd Street
Po Box 3251                            9271 South John Young Parkway         Oak Brook, IL 60523-2007
Evansville, IN 47731-3251              Orlando, FL 32819-8607
```

| | | |
|---|---|---|
| REGIONAL MANAGEMENT CORPORATION<br>979 BATESVILLE ROAD SUITE B<br>GREER<br>SC<br>GREER, SC 29651-6819 | Regional<br>979 Batesville Rd<br>Greer, SC 29651-6819 | Regional Fin<br>979 Batesville Rd<br>Greer, SC 29651-6819 |
| Regional Finance<br>979 Batesville Rd<br>Greer, SC 29651-6819 | (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 | Resurgent Capital Services<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville, SC 29603-0497 |
| Robert Hicks<br>5997 Hitt Lake Trail<br>Stone Mountain, GA 30087-6532 | Philip L. Rubin<br>Lefkoff Rubin Gleason Russo Williams PC<br>Suite 900<br>5555 Glenridge Connector<br>Atlanta, GA 30342-4762 | K. Edward Safir<br>Standing Chapter 13 Trustee<br>Suite 1600<br>285 Peachtree Center Ave. NE<br>Atlanta, GA 30303-1259 |
| Sls/equity<br>Attn: Bankruptcy<br>8742 Lucent Blvd.<br>Highlands Ranch, CO 80129-2302 | Specialized Loan Servicing LLC<br>6200 S. Quebec Street, Suite 300<br>Greenwood Village, Colorado 80111-4720 | Synchrony Bank/Chevron<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 | Wayfinder BK as agent for Performance Financ<br>PO Box 64090<br>Tucson, AZ 85728-4090 | Wells Fargo Bank NA<br>1 Home Campus Mac X2303-01a<br>3rd Floor<br>Des Moines, IA 50328-0001 |
| Shannon Charlmane Worthy<br>Stanton and Worthy, LLC<br>547 Ponce De Leon Avenue NE<br>Suite 150<br>Atlanta, GA 30308-1881 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Card Services<br>Attn: Bankruptcy<br>P.O. 15298<br>Wilmington, DE 19850 | GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION, ARCS - BANKRUPTCY<br>1800 CENTURY BLVD NE, SUITE 9100<br>ATLANTA GA 30345-3205 | (d)Georgia Department Of Revenue<br>1800 Century Blvd. NE<br>Atlanta, GA 30345 |
| Macys/fdsb<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 | Republic Finance<br>1525 E Park Place Blvd S<br>Stone Mountain, GA 30087 | (d)Republic Finance, LLC<br>282 Tower Road<br>Ponchatoula, LA  70454 |

Case 22-51791-pwb    Doc 28    Filed 09/28/22    Entered 09/28/22 13:02:10    Desc Main
Document    Page 10 of 11

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)AmeriCredit Financial Services, Inc. dba G    (u)Kimberly Hicks            (du)Kimberly Hicks
P O Box 183853                                   Debtor's Address              Debtor's address
Arlington, TX 76096-3853


End of Label Matrix
Mailable recipients     45
Bypassed recipients      3
Total                   48
```